IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY BATTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:15cv302-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Timothy Battle ("Plaintiff") filed applications for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401, *et seq.*, and for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381, *et seq.*, on May 24, 2012. His applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision finding that Plaintiff had not been under a disability since November 15, 2010, the alleged onset of his disability. Plaintiff appealed to the Appeals Council, which rejected his request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No.

129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 11); Def.'s Consent to Jurisdiction (Doc. 12). Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?

---

103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical

---

[3]   *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

Vocational Guidelines[4] ("grids") or call a vocational expert ("VE").  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied

---

[4]  *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-nine years old on the date of the administrative hearing before the ALJ, and had completed high school with some vocational training in culinary arts. Tr. 29-30, 17. Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since November 15, 2010, the alleged onset date[.]" Tr. 16. At Step Two, the ALJ found that Plaintiff suffers from the following medically determinable impairments: "Diabetes with lower extremity neuropathy, degenerative disc disease at L5-S1, possible gout, and obesity." Tr. 16. However, the ALJ next determined that none of Plaintiff's impairments, alone or in combination, significantly limit, or are expected to significantly limit, Plaintiff's ability to perform basic work-related activities for twelve consecutive months. *Id.* Thus, the ALJ found at Step Two that Plaintiff "does not have a severe impairment or combination of impairments." *Id.* Because the ALJ found that Plaintiff does not have a severe impairment, the ALJ concluded her analysis at Step Two of the sequential evaluation process and held that Plaintiff "has not been under a disability, as defined in the Social Security Act, from November 15, 2010, through the date of this decision[.]" Tr. 20.

## IV.  PLAINTIFF'S ARGUMENT

Plaintiff contends that the ALJ's Step Two denial is contrary to Social Security regulations and relevant precedent, and presents two primary issues for the court to consider in its review of the Commissioner's decision.  In particular, Plaintiff asserts that the ALJ erred in her analysis of medical opinions in the record and that the ALJ relied upon a legally insufficient rationale in concluding that Plaintiff did not satisfy the *de minimis* showing required to establish a severe impairment.  Pl.'s Br. (Doc. 14) at 1.

## V.  DISCUSSION

Plaintiff alleged that he was disabled due to, *inter alia*, back pain and diabetic neuropathy.  *See, e.g.,* Tr. 162.  As the ALJ recognized, the objective medical evidence of record established that Plaintiff suffers degenerative disc disease and diabetes.  *See* Tr. 16.  In support of his contention that these conditions cause him disabling pain, Plaintiff offered his own subjective testimony and submitted his treating physician's opinion, in two separate statements, that Plaintiff's pain and related physical limitations significantly impede his ability to perform work-related activities.  *See* Tr. 256-259, 155-157.

The Eleventh Circuit Court of Appeals has remarked that "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel*, 800 F.2d at 1031.  Thus, courts have long recognized that Step Two's severity determination is a "threshold inquiry" which "allows only claims based on the most trivial impairments to be rejected." *Id.*  Hence, a

"claimant's burden at step two is mild[,]" in that he "need only show that [his] impairment is not so slight and its effect is not so minimal." *Id.*

Despite the limited nature of the Commissioner's inquiry at Step Two, the ALJ nevertheless concluded in this instance that Plaintiff's impairments are not severe. This court is charged with determining whether the ALJ's decision is supported by substantial evidence. Unfortunately, one searches in vain for the supposed substantial evidence upon which the ALJ based her determination that Plaintiff's medically determinable impairments and resulting pain are essentially "trivial." For example, as to Plaintiff's alleged disabling back pain, the ALJ cites only to a single x-ray of Plaintiff's lumbar spine, taken more than two years prior to the alleged onset of disability, which she described as "unremarkable." Tr. 18. True enough, Plaintiff's October 31, 2008, x-ray was "unremarkable." Dr. Narraval's impression was succinct: "Normal lumbar spine." Tr. 221. Of course, it is hardly surprising that Plaintiff's x-rays from years prior to his alleged onset of disability might be "unremarkable." As the ALJ recognized, Plaintiff is diagnosed with degenerative disc disease. Plaintiff's x-ray from August 13, 2012, after the alleged onset of his disability, confirmed that diagnosis, noting "mild degenerative disc disease at L5-S1 with mild multilevel facet arthropathy also worst at L5-S1." Tr. 226. Given the subsequent x-ray confirming Plaintiff's degenerative disc disease, as well as Plaintiff's testimony about his pain and his treating physician's opinion in the record, the court cannot conclude that the lone x-ray cited by the ALJ constitutes substantial evidence in support of her finding that Plaintiff's back pain is not a severe impairment.

7

Likewise, with respect to Plaintiff's diabetes and related neuropathy, the ALJ appeared to rely upon a treatment note, from more than four years prior to the alleged onset date, which "indicated that there was poor compliance with his diabetes medication." Tr. 18.  To the ALJ, Plaintiff's purported compliance issues at a time when he was employed, "and most likely able to afford his medication," "suggests that his symptoms were not as serious as alleged in connection with this application." *Id.* However, the court fails to grasp how Plaintiff's purported failure to comply with prescribed treatment more than four years before his alleged disability onset date could constitute substantial evidence in support of the ALJ's finding that Plaintiff's diabetic neuropathy is not a severe impairment.  Plaintiff reported to Dr. Williams that he was first diagnosed with diabetes in 2005, and that he has "noticed increasing neuropathy in both of his feet." Tr. 228.  Dr. Williams, whose opinion the ALJ purported to give "significant weight," Tr. 19, did not dispute or otherwise question Plaintiff's description of his symptoms, which included neuropathy with "numbness and also with a burning and tingling pain." Tr. 228.  Plaintiff explained to Dr. Williams on August 11, 2012, that his "neuropathy is about 3-4 years old." Tr. 228.  Hence, it is of no great moment in assessing Plaintiff's present pain that Plaintiff may have failed to fully comply with prescribed treatment when his diagnosis was relatively recent and he was not yet experiencing related neuropathy.  The cited treatment note from 2006 does not constitute substantial evidence that Plaintiff's diabetic neuropathy is not a severe impairment.

8

Apart from the ALJ's reliance on the 2008 lumbar x-ray and the 2006 treatment note, the only other record evidence favorably cited by the ALJ is Dr. Williams's consultative opinion, which, although she noted lacked "a functional assessment on the ultimate issue of disability," she gave "significant weight" because she found it "consistent with the medical evidence of record, other treating sources and the claimant's subjective complaints." Tr. 19. Dr. Williams's "findings" upon examination of Plaintiff were as follows:

> There is tenderness to palpation of the lumbar spine and over the sacrum. Decrease in sensation over the tips of the fingers of the left hand also. With mild paraspinal spasms, the claimant did show more pain with attempting flexing forward. He actually reached out and put his hands on the table to help balance him. After he got 35 degrees or so he went another 5 degrees then stopped secondary to the pain.

Tr. 231. Dr. Williams also performed a sensory exam and noted Plaintiff's decreased sensation to touch and pinprick in his right and left extremities. Tr. 231-32. Ultimately, Dr. Williams diagnosed "Low back pain" and "Diabetes mellitus with peripheral neuropathy in bilateral lower extremities now extending to the left upper extremity." Tr. 232. The court fails to find in Dr. Williams's report any "opinion" which supports or corroborates the ALJ's conclusion that Plaintiff's back pain and diabetic neuropathy are not severe impairments. In fact, Dr. Williams plainly observed Plaintiff's experience of limiting pain and went on to diagnose Plaintiff's back pain and diabetic neuropathy. Tr. 231-32. As such, while the court generally agrees with the ALJ's observation that Dr. Williams's findings are "consistent with the medical evidence of record, other treating sources and the claimant's subjective complaints," Tr. 19, this finding militates against,

9

rather than supports, any conclusion that substantial evidence supports the ALJ's decision.[5]

For all of the foregoing reasons, the court finds that the ALJ's decision at Step Two of the sequential evaluation process is not supported by substantial evidence. Accordingly, this matter is reversed and remanded to the Commissioner for further consideration.

## VI. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and that this matter is REMANDED back to the Commissioner. A separate judgment will issue.

Done this 28th day of April, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE

---

[5] The ALJ's remark about the consistency of Dr. Williams's opinion with other "treating sources" and Plaintiff's "subjective complaints" is perplexing given the ALJ's treatment of those bodies of evidence and her ultimate ruling. The ALJ does not explain what "other treating sources" are consistent with Dr. Williams's opinion. The only other treating source opinion in the record is that of Dr. Valentine, in which Dr. Valentine opined that Plaintiff's pain is essentially disabling. *See* Tr. 155-157, 256-259. However, the ALJ specifically discounted this opinion rather than finding it "consistent" with Dr. Williams's opinion. Tr. 20. Thus, Plaintiff's treating source opinion, while not inconsistent with Dr. Williams's opinion, is plainly contrary to the ALJ's ultimate findings. Likewise, if Dr. Williams's opinion, which the ALJ credited, is consistent with Plaintiff's "subjective complaints" of his disabling pain, which the ALJ discredited, how then does it support a finding that Plaintiff's impairments are not severe?